UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

STEVEN PAUL YUKER,

          Petitioner,

                                  Case No. 13-cr-20599

v.                                                  Honorable Thomas L. Ludington

UNITED STATES OF AMERICA,

          Respondent.

_____/

**ORDER DENYING MOTION TO VACATE SENTENCE**

On December 3, 2013, Petitioner Steven Yuker pleaded guilty to distributing cocaine base. ECF No. 29. He was sentenced to 90 months of imprisonment, and judgment was entered on March 25, 2014. ECF No. 33. He did not appeal. On June 6, 2017, Yuker filed a motion to vacate his sentence under 28 U.S.C. § 2255. Yuker argues that his plea was unintelligent and involuntary because he pled guilty to an act which was not criminal behavior under the law, citing *McFadden v. United States*, 135 S. Ct. 2298 (2015) and *Burrage v. United States*, 134 S. Ct. 881 (2014). The Court then directed Yuker to explain why his motion was timely, noting that both *McFadden* and *Burrage* had been decided over a year ago and thus were outside the limitations period of 28 U.S.C. § 2255(f). ECF No. 41.

**I.**

In his response, Yuker argues that his motion is timely because the "savings clause" of § 2255(e) applies. ECF No. 42 at 2. That section states, in full:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless

> it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

*Id.*

Yuker asserts that he "is not collaterally challenging his sentence, but is Challenging [sic] the illegality of his detention, which § 2255 is inadequate and ineffective to test." ECF No. 42 at 3. Yuker also cites *Bousley v. United States* for the proposition that, because he is actually innocent of the crime he was convicted of, a fundamental miscarriage of justice has occurred and his claim should not be time-barred. 523 U.S. 614, 620 (1998). *Bousley* involved a § 2255 challenge to a sentence where, like Yuker, the petitioner asserted that he was actually innocent of the crime which he had pleaded guilty to. *Id.* at 621. The Supreme Court found that, if the petitioner made a showing of actual innocence, the merits of his claim could be reached, despite his procedural default. *Id.* at 623–24.

It is true that a "convincing actual innocence claim" can overcome the § 2255(f) time limitations. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013). But "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. And, more importantly, an actual innocence claim merits review despite untimeliness only when "a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" McQuiggan, 133 S.Ct. at 1936 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). Yuker does not contend that he is factually innocent. Rather, he relies on *McFadden* and *Burrage* for the proposition that he misunderstood the elements of the offense (as articulated by those cases) when he pleaded guilty. *See* Mot. Vacate at 5, ECF No. 38. In other words, Yuker contends that, after *McFadden* and *Burrage*, the Government's case against him was sufficiently weakened that he would have proceeded to trial. Yuker's motion to vacate is notable for its lack

of any facts (or even contention) indicating that Yuker was, in fact, actually innocent of the crime. Even broadly construed, Yuker's motion is asserting a legal insufficiency argument. He has presented no evidence of actual innocence, much less evidence sufficient to shake the Court's confidence in the legitimacy of his conviction. As discussed above, that is insufficient to justify untimely review of the motion. Yuker's motions will be denied.

**II.**

Before Petitioner may appeal the Court's decision, a certificate of appealability must be issued. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should be issued if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Id*.

Having considered the matter, the Court concludes that reasonable jurists would not dispute whether Petitioner's motion to vacate was time-barred. Accordingly, a certificate of appealability is not warranted in this case. The Court further concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

**III.**

Accordingly, it is **ORDERED** that Yuker's motion showing cause for procedural default, ECF No. 42, is **DENIED.**

It is further **ORDERED** that Yuker's motion to vacate, ECF No. 38, is **DENIED as untimely.**

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that leave to proceed *in forma pauperis* on appeal is **DENIED**.

Dated: July 11, 2017

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 11, 2017.

s/Kelly Winslow
KELLY WINSLOW, Case Manager