UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

STEVEN PAUL YUKER,

          Petitioner,          Case No. 13-20599

v

                                Honorable Thomas L. Ludington

UNITED STATES OF AMERICA,

          Respondent.

_____/

**ORDER DENYING MOTION FOR RECONSIDERATION AND DENYING MOTION FOR RECOMMENDATION FOR PLACEMENT IN A RESIDENTIAL REENTRY CENTER**

On December 3, 2013, Petitioner Steven Yuker pleaded guilty to distributing cocaine base. ECF No. 29. His plea agreement stated that his guideline range was 78 to 97 months. *Id.* He was sentenced to 90 months of imprisonment, and judgment was entered on March 25, 2014. ECF No. 33.

**I.**

On June 18, 2015, the Court appointed the Federal Defender's Office to determine whether Yuker was "eligible for earlier release pursuant to 18 U.S.C. §3582." ECF No. 34. 18 U.S.C. §3582(c)(2) provides:

> The court may not modify a term of imprisonment once it has been imposed except that…in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. §3582(c)(2).

On June 29, 2015, the Federal Defender Office filed notice that Joan Morgan was appearing as Yuker's attorney. ECF No. 35. On July 30, 2015, the parties stipulated that pursuant to 18 U.S.C. §3582(c)(2), Yuker's guideline range "would be based on a total offense level of 26, which, in combination with a criminal history category II, results in a guideline range of 70-87 months in custody." ECF No. 36. Subsequently, the Court entered an order reducing Yuker's sentence from 90 months to 85 months. ECF No. 37.

Yuker now argues that Morgan provided ineffective assistance of counsel. He bases this assertion on a provision in his plea agreement which states that "[p]ursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the sentence of imprisonment in this case may not exceed the middle of the sentencing guideline range as determined by the court pursuant to this agreement." ECF No. 29 at 7–8. He describes this as a "binding sentencing recommendation" that was not followed when the Court decreased his sentence. *Id.* at 7. He reasons that the middle of the decreased range is 78.5 months, not 80 months.

However, a §3582(c)(2) reduction is within the discretion of the Court. The Supreme Court has held that "the statute permits but does not require the court to reduce a sentence." *Freeman v. U.S.* 131 S. Ct. 2685, 2694 (2011). Accordingly, the Court was not required to reduce Yuker's sentence in the first instance. By that same token, it was within the Court's discretion to determine the length of the sentence reduction.

**II.**

Yuker has also filed a motion for judicial recommendation for placement in a residential center or halfway house twelve months prior to his release date. ECF No. 49. 18 U.S.C. §3624

grants BOP the discretion to place incarcerated individuals in facilities that prepare the individuals for reentry into society, such as a halfway house. It provides

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. §3624(c)(1).

When designating an individual's place of incarceration, the BOP may consider various factors including "any statement by the court that imposed the sentence…recommending a type of penal or correctional facility as appropriate." 18 U.S.C. §3621(b). However, "[a]ny order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person." *Id.*

The BOP has the most current information about Yuker and is best situated to determine the ideal facility for the final period of Yuker's incarceration. As such, the Court will not attempt to influence the BOP's decision and Yuker's motion will be denied.

**III.**

Accordingly, it is **ORDERED** that Defendant's motion for reconsideration, ECF No. 47, is **DENIED**.

It is further **ORDERED** that Defendant's motion for judicial recommendation for placement in a residential reentry center, ECF No. 49, is **DENIED**.

Dated: March 28, 2019   s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon Steven Paul Yuker #48894-039, at Canaan U.S. Penitentiary, Inmate Mail/Parcels, P.O. Box 300, Waymart, PA 18472 by U.S. mail and each attorney of record herein by electronic means on March 28, 2019.

                                      s/Suzanne Gammon
                                      SUZANNE GAMMON